
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| NIGEL K. HIDER, | No. 10-55857 |
| Petitioner-Appellant, | D.C. No. 2:07-cv-07119-DDP-RNB |
| v. | |
| J. WALKER, | MEMORANDUM[*] |
| Respondent-Appellee, | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted January 10, 2013[**]
Pasadena, California

Before: McKEOWN and M. SMITH, Circuit Judges, and BELL,[***] District Judge.

Petitioner-Appellant Nigel K. Hider appeals a district court order denying

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[**]The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

his 28 U.S.C. § 2254 habeas corpus petition, and presents three grounds for relief: (1) there was insufficient evidence to support the specific intent element of the gang-related sentencing enhancement, Cal. Penal Code § 186.22; (2) the prosecutor committed misconduct by violating the trial court's order to refrain from mentioning a second attempted arson on the victim's residence; and (3) Hider's trial counsel rendered ineffective assistance by failing to object to the testimony concerning the second arson incident. Only the first issue was certified for appeal, and we decline to expand the certificate of appealability. We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

The California Court of Appeal previously rejected Hider's argument that there was insufficient evidence that he possessed the requisite specific intent "to promote, further, or assist in any criminal conduct by gang members" for the § 186.22 sentencing enhancement. A writ of habeas corpus on behalf of a state prisoner may not be granted on a claim that was adjudicated on the merits in state court, unless such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Hider argues that the Court of Appeal decision, an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which held that "the critical inquiry

2

on review of the sufficiency of the evidence to support a criminal conviction" is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*.

The district court relied on the substantial amount of evidence that the crime was gang-related in concluding that the Court of Appeal decision was not an unreasonable application of *Jackson*. We agree. Given Hider's long-running harassment of the victim, a former member of the Shotgun Crips (a rival to Hider's own Pay Back Crips), and expert testimony that Hider's crimes were committed for the benefit of the Pay Back Crips, a rational jury could have found beyond a reasonable doubt that Hider acted "with the specific intent to promote, further, or assist in any criminal conduct by gang members." Cal. Pen. Code Sec. 186.22(b)(1).

**AFFIRMED.**